# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHANIEL JAMES PHILLIPS, SR.,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:26-256** |
| **v.** | : | **(JUDGE MANNION)** |
| **COMMONWEALTH OF PENNSYLVANIA, *et al.*,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Presently before the Court is *pro se* Petitioner Nathaniel James Phillips, Sr. ("Phillips")'s petition for a writ of habeas corpus under 28 U.S.C. §2254. In a prior Memorandum and Order, the Court dismissed with prejudice Phillips's claims for ineffective assistance of his state post-conviction collateral relief counsel and ordered him to show cause why the Court should not dismiss his Section 2254 petition as time-barred and dismiss his remaining claims as unexhausted and procedurally defaulted. Phillips timely responded to the Court's Order to Show Cause via a letter; however, he did not substantively address the Court's concerns regarding the statute of limitations, exhaustion, or procedural default. Additionally, it appears that Phillips concedes that the Court should dismiss his petition.

For the reasons stated below, the Court construes Phillips' response to the Order to Show Cause as conceding that the Court should dismiss his petition. Even if Phillips did not concede dismissal, the contents of his letter response do not demonstrate that he timely filed his habeas petition or that the Court should excuse his procedural default of his remaining habeas claims. Accordingly, the Court will dismiss Phillips's habeas petition as untimely and his remaining habeas claims as unexhausted and procedurally defaulted, decline to issue a certificate of appealability, and direct the Clerk of Court to close this case.

## I. BACKGROUND

The Court previously set forth most of the background of this matter as follows:

### A. State-Court Proceedings

> On March 31, 2022, Phillips pleaded guilty to one count of persons not to possess firearms (18 Pa. C.S. §6105(a)(1)) in the Dauphin County Court of Common Pleas ("CCP"). *See* (Doc. 1 at 1); *Commonwealth v. Phillips*, No. 1176 MDA 2024, 2025 WL 1483008, at *1 (Pa. Super. Ct. May 23, 2025) (unpublished); Docket, *Commonwealth v. Phillips*, No. CP-22-CR-1826-2021 (Dauphin Cnty. Ct. Com. Pl.) ("CCP Dkt.").[1] On July 7, 2022, the

[1] The Court takes judicial notice of the docket sheet for Phillips's underlying criminal case because it is a public state-court record that is available through the Unified Judicial System of Pennsylvania's Web Portal for Pennsylvania criminal matters (https://ujsportal.pacourts.us). *See Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017)

*(footnote continued on next page)*

CCP sentenced Phillips to state incarceration for a minimum of fifty-two months to a maximum of one-hundred-and-four months. *See* (Doc. 1 at 1); *Phillips*, 2025 WL 1483008, at *1. Following his sentencing, Phillips did not file a post-sentence motion or a direct appeal to the Pennsylvania Superior Court. *See* (Doc. 1 at 2); *Phillips*, 2025 WL 1483008, at *1; CCP Dkt. He did, however, file a *pro se* "Motion to Modify and Reduce Sentence," which the CCP construed as a timely first petition for post-conviction collateral relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§9541–46 ("PCRA"), on August 24, 2022. *See* (Docs. 1 at 2, 3; 1-1 at 1); *Phillips*, 2025 WL 1483008, at *1; CCP Dkt.

The CCP appointed counsel to assist Phillips in prosecuting his first PCRA petition, after which new counsel filed for, and received, numerous extensions of time to either file a counseled PCRA petition or withdraw as Phillips's counsel. *See* (Docs. 1 at 4; 1-1 at 1); CCP Dkt. The CCP later issued an order on September 6, 2023, which removed Phillips's PCRA counsel and replaced them with new PCRA counsel. *See* (Docs. 1 at 4; 1-1 at 1); CCP Dkt.

Approximately one week after the CCP appointed new PCRA counsel for Phillips, counsel filed a motion to withdraw as Phillips's counsel in which they asserted that Phillips's PCRA petition was meritless. *See* (Docs. 1 at 4; 1-1 at 2); CCP Dkt. Then, Phillips filed a *pro se* motion to withdraw his claims in his first PCRA petition on September 25, 2023. *See* (Docs. 1 at 4; 1-1 at 2); CCP Dkt. Based on Phillips's motion, the PCRA court entered an order granting counsel's motion to withdraw and dismissing Phillips's PCRA petition on or about October 27, 2023. *See* (Docs. 1 at 4; 1-1 at 1–2); CCP Dkt. Phillips did not appeal from this decision. *See* (Doc. 1 at 4); CCP Dkt.

---

("Pennsylvania's Unified Judicial System provides online access to the docket sheets for criminal cases, and this Court may take judicial notice of those public dockets." (citations omitted)); *see also Mickell v. Lycoming Cnty. Cent. Collections Off. & Admin.*, 821 F. App'x 74, 75 (3d Cir. 2020) (unpublished) (taking judicial notice of Court of Common Pleas of Lycoming County criminal docket).

Phillips filed a second PCRA petition, in which he challenged the constitutionality of his firearms conviction based on *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), on March 5, 2024. *See* (Doc. 1 at 3); *Phillips*, 2025 WL 1483008, at *1; CCP Dkt. The PCRA court dismissed Phillips's second PCRA petition as untimely, and without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907, on July 24, 2024. *See* (Doc. 1 at 4); *Phillips*, 2025 WL 1483008, at *1; CCP Dkt. Phillips timely appealed from the dismissal of his petition to the Superior Court, which affirmed the dismissal via an unpublished decision issued on May 23, 2025. *See* (Doc. 1 at 4); *Phillips*, 2025 WL 1483008, at *1. Phillips did not seek further review by filing a petition for allowance of appeal with the Pennsylvania Supreme Court.

## B. Federal Proceedings

Phillips commenced the instant action by filing his Section 2254 habeas petition, IFP Application, and prisoner trust fund account statement, all of which the Clerk of Court docketed on January 21, 2026. (Docs. 1–3.)[2] Unfortunately, Phillips's prisoner trust

---

[2] Under the federal "prisoner mailbox rule," a *pro se* prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Phillips declares that he placed his Section 2254 habeas petition in the prison mailing system on December 4, 2025. *See* (Doc. 1 at 14). However, he also attaches to his petition a letter dated January 21, 2026, in which he states that his "[a]pplication was completed and sent out for mailing on Dec. 4, 2025. However, due to insufficient funds[,] the Institution returned the mail back to [him, and he was un]able to proceed with mailing until the above date." (*Id.* at 15).

Based on Phillips's representation in his letter, the Court will not deem December 4, 2025, to be the petition's filing date because a prisoner cannot claim credit for an earlier filing date in circumstances where they placed their submission in the prison mail system for filing on a certain date only to have prison officials not mail it to the court due to an issue caused by the petitioner. Instead, the Court will give Phillips the benefit of a January 21, 2026 filing

*(footnote continued on next page)*

fund account statement was not certified as required by the *in forma pauperis* statute, *see* 28 U.S.C. §1915(a)(2) ("A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."). As such, two Administrative Orders issued requiring the superintendent at Phillips's place of incarceration to submit Phillips's certified account statement to the Clerk of Court. (Docs. 4, 6.) The Clerk of Court docketed Phillips's certified account statement on March 16, 2026. (Doc. 7.)

In his Section 2254 petition, Phillips claims that his trial and PCRA counsel were ineffective for "failing to argue the *Bruen* analysis[,] . . . the constitutionality of law [sic][, and the] legality of the muzzle-loader apply [sic] to the antique firearm exception [and] not the [F]irearms Act (felony) [sic]." (Doc. 1 at 5 (emphasis added)).[3] For relief, Phillips seeks an order "vacat[ing] or reduc[ing his] sentence due to the [l]egality of the constitutional law of the [Second] Amendment." (*Id.* at 14.)

---

date, even though the Clerk of Court did not docket his petition until February 3, 2026.

[3] Phillips indicates that he raises four claims in his petition. *See* (*id.* at 5–11). However, Phillips's second claim, which references "[g]overnmental interference" and "ineffective assistance of [three] serial counsels [sic]," does not identify the precise claim he raises and instead mentions only a portion of his state-court procedural history relating to his first PCRA petition. *See* (*id.* at 6–8). Phillips third claim appears to be duplicative of his first claim, *i.e.*, that counsel were ineffective for failing to argue about *Bruen*'s applicability to his case. *See* (*id.* at 8–9). For his fourth and final claim, Phillips raises an argument relating to the timeliness of his Section 2254 petition, *see* (*id.* at 10–11), which is not a ground upon which he can obtain habeas relief. Therefore, the Court construes Phillips's petition as containing a single claim.

> Additionally, Phillips argues that he timely filed his habeas petition because the "ineffectiveness of counsel" rendered him "unable to obtain legal assistance," and "caused the time bar." (*Id.* at 9.) He further elaborates on his timeliness argument as follows:
>
>> As the PCRA court decided the first timeliness exception incorrectly, [I] argue[] that the PCRA was timely pursuant to *Bruen* applying retroactively, and that the matter should be remanded for a hearing on the merits of [my] argument. As the court never acknowledged or ruled on the second timeliness exception regarding governmental interference, [I] argue[] that the matter should be remanded and a hearing held to develop the record to determine the applicability of the timeliness [sic]. (iii) [sic] the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this Section, and has been held by that court to apply retroactively.
>
> (*Id.* at 13 (emphasis added)).

(Doc. 9 at 2–7 (footnotes in original)).

On April 22, 2026, the Court issued a Memorandum and Order, which: (1) granted the IFP Application and allowed Phillips leave to proceed *in forma pauperis* in this case; (2) dismissed with prejudice Phillips' ineffective-assistance-of-counsel claims against his postconviction counsel, and (3) ordered Phillips to show cause why the Court should not dismiss the remainder of his Section 2254 petition because it is time barred and because his claims are unexhausted and procedurally defaulted. *See* (Docs. 9, 10).

On May 15, 2026, Phillips timely responded to the Court's Order to Show Cause via a letter in which he stated the following:

> I am hereby writing this letter in regards to the Order of my hebeas [sic] corpus under 28 U.S.C. §2254 (Doc. 1) deemed filed.
>
> I apologize for my ignorance of the law [and] how to appropriately file the necessary paperwork to pursue legal remedies.
>
> I had [three] counsels [sic] that to my knowledge did not address my concerns and legality of the alleged firearm.
>
> According to statute[,] a muzzle-loading rifle is classified as an [a]ntique firearm [and] not classified [as a] firearm under 18 Pa. C.S. §6105(a)(1).
>
> I again apologise [sic] for waisting [sic] your time [and] will continue out my sentence with my head held high.
>
> I was mislead [sic] throughout this entire process, but learned a valueable [sic] lesson, which is to not handle any kind of weapon.
>
> [F]urthermore, the muzzle-loader was not used in the act of a crime, nor was that any attempt of mine.

(Doc. 11 at 1–2.)

## II. LEGAL STANDARD

District courts are tasked with conducting a preliminary review of Section 2254 habeas petitions. *See* R. 4, 28 U.S.C. foll. §2254. When conducting this review, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court,

the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id.*

## III. DISCUSSION

### A. Phillips's Response to the Order to Show Cause

Phillips's letter response to the Court's Order to Show Cause does not alter the Court's original conclusion that it plainly appears from his habeas petition that the Court should dismiss it because it is time barred and his remaining claims are unexhausted and procedurally defaulted. Although Phillips references having three attorneys who did not "address [his] concerns [about] the legality of the alleged firearm" in his letter (Doc. 11 at 1), he does not substantively address the timeliness and exhaustion issues the Court described in the April 22, 2026 Memorandum. *See* (Doc. 9 at 8–26).[4] More importantly, the Court construes Phillips's letter as conceding that (1) his petition is untimely and (2) his remaining habeas claims are unexhausted and procedurally defaulted. Therefore, the Court will dismiss the remainder of Phillips's habeas petition for the reasons stated in the April 22, 2026 Memorandum. *See* (*id.*).

---

[4] The Court incorporates by reference the Court's discussion in the April 22, 2026 Memorandum into the instant Memorandum.

Assuming, *arguendo*, that Phillips did not intend to concede dismissal of his habeas petition, his allegations in his letter fall far short of showing that dismissal is unwarranted. In the first instance, while a court may equitably toll a limitations period by a showing of ineffective assistance of counsel in certain circumstances where the error is deemed to be "egregious," such as where an attorney fails to file an appeal after an explicit request from the petitioner, affirmatively deceives the petitioner about filing a direct appeal, or persistently neglects the petitioner's case, Phillips does not assert those types of allegations here. *See Holland v. Florida*, 560 U.S. 631, 651 (2010) (collecting cases); *Schleuter v. Varner*, 384 F.3d 69, 76–77 (3d Cir 2004). Instead, Phillips merely asserts that his counsel failed to address his concerns about the legality of the firearm forming the basis of his conviction for persons not to possess firearms under 18 Pa. C.S. §6105(a)(1). Such alleged conduct by counsel is not "egregious" but is instead the type of common attorney error allegation that the Third Circuit Court of Appeals has repeatedly held to not constitute the "extraordinary circumstances" required for equitable tolling in non-capital cases. *See, e.g.*, *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2002) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); *Johnson v.*

*Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) (holding that a petitioner's receipt of erroneous advice from counsel regarding the deadline for filing a federal habeas corpus petition did not warrant equitable tolling); *Schleuter*, 384 F.3d at 76 ("Generally . . . attorney error is not a sufficient basis for equitable tolling of the [Antiterrorism and Effective Death Penalty Act of 1996]'s one-year period of limitation."). As such, Phillips would not be entitled to equitable tolling based on his bald allegation of ineffective assistance of counsel in his letter and, consequently, the Court would still conclude that his habeas petition should be dismissed as untimely for the reasons stated in the April 22, 2026 Memorandum even if the Court considered Phillips's letter as containing arguments against dismissal.[5]

As for the exhaustion and procedural default issues the Court previously identified, *see* (Doc. 9 at 20–26), Phillips mentions his ignorance of the law as well as the prior actions of his counsel. *See* (Doc. 11 at 1).

[5] Even if Phillips was entitled to some equitable tolling relating to his state proceedings, it seemingly would not render his habeas petition timely for reasons discussed in the Court's April 22, 2026 Memorandum, such as the fact that he filed his habeas petition more than three-and-a-half years after the Supreme Court decided *Bruen* on June 23, 2022, and more than two years after the deadline for him to file an appeal from the Court of Common Pleas' dismissal of his first Post Conviction Relief Act petition on or about October 27, 2023.

However, neither Phillips's ignorance of the law nor his counsel's actions excuse his procedural default in this case.

Ignorance of the law does not constitute cause to excuse his procedural default. *See Jones v. Mackey*, No. 25-3043, 2025 WL 2062213, at *4 (6th Cir. July 15, 2025) (unpublished) ("[A] petitioner's pro se status, limited access to a prison law library, and ignorance of the law do not constitute cause sufficient to excuse a procedural default." (citing *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (per curiam))), *cert. denied sub nom. Jones v. Reynolds*, 146 S. Ct. 1646 (2026); *Hays v. Klauser*, No. 95-35243, *1 (9th Cir. Apr. 14, 1994) (unpublished) ("We are well aware of the difficulties facing most pro se petitioners, but a lack of legal assistance and ignorance of the law does not establish sufficient cause to excuse a procedural default." (citing *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) and *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988))); *Russell v. Walker*, No. 23-cv-879, 2026 WL 1882720, at *5 (W.D. Pa. June 30, 2026) ("[A]ny alleged ignorance of the law does not excuse procedural default." (citations omitted)); *Robinson v. Earley*, No. 25-cv-10361, 2026 WL 2011224, at *8 (D.S.C. June 12, 2026) ("[C]ourts have found that ignorance of the applicable law or rules and procedures will not excuse the procedural default of a claim." (citing cases)), *report and*

*recommendation adopted sub nom. Robinson v. Earley*, 2026 WL 2010334 (D.S.C. July 10, 2026). As for the actions of his counsel, Phillips's arguments do not establish cause to excuse his procedural default.

In *Martinez v. Ryan*, 566 U.S. 1 (2010), the Supreme Court recognized a "narrow exception" to the general rule that attorney errors in collateral proceedings do not establish cause to excuse a procedural default. Specifically, *Martinez* holds that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. To successfully invoke the *Martinez* exception, a petitioner must satisfy two factors: that the underlying, otherwise defaulted, claim of ineffective assistance of trial counsel is "substantial," meaning that it has "some merit," *id.* at 14; and that petitioner had "no counsel" or "ineffective" counsel during the initial phase of the state collateral review proceeding. *Id.* at 17; *see also Glenn v. Wynder*, 743 F.3d 402, 410 (3d Cir. 2014).

A petitioner demonstrates that the underlying ineffective assistance of trial counsel claim has "some" merit by "show[ing] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Workman v.*

*Superintendent Albion SCI*, 915 F.3d 928, 937-38 (3d Cir. 2019); *see also Martinez*, 566 U.S. at 13–14. A petitioner demonstrates that post-conviction counsel's ineffectiveness caused the procedural default by showing that post-conviction counsel's performance was deficient under the first prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Preston v. Superintendent Graterford, SCI*, 902 F.3d 365, 376 (3d Cir. 2018); *see also Workman*, 915 F.3d at 937–38. Satisfaction of the first *Strickland* prong requires a petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688.

In this case, Phillips fails to describe in his letter how his prior counsel was ineffective. He does, however, express his belief that the firearm he possessed, a "muzzle-loading rifle," does not qualify as a "firearm" under Pennsylvania's persons not to possess firearms statute, 18 Pa. C.S. §6105(a)(1), *see* (Doc. 11 at 1), and he also argues in his petition that his counsel did not argue that *Bruen* applied to his case. *See* (Doc. 1 at 8). Neither argument has merit.

Regarding his firearm conviction, Section 6105 provides in relevant part that:

> A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa. C.S. §6105(a)(1). The term "firearm," as used in the statute, is defined as:

> Any pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches. The barrel length of a firearm shall be determined by measuring from the muzzle of the barrel to the face of the closed action, bolt or cylinder, whichever is applicable.

18 Pa. C.S. §6102. As illustrated by this definition of a "firearm," the fact that Phillips possessed a muzzle-loader was irrelevant when determining whether he, as someone previously convicted of an offense under Section 6105(b), unlawfully possessed a firearm under Section 6105(a)(1). Thus, Phillips's counsel could not have been ineffective for failing to present this meritless argument.

Regarding whether Phillips's counsel was ineffective for not arguing about the applicability of *Bruen* to his conviction, Phillips does not explain how this argument has "some merit" for purposes of *Martinez*. The Court also

notes that the Pennsylvania Superior Court (albeit approximately twenty months after Phillips withdrew his PCRA petition and the Court of Common Pleas dismissed it) concluded that Section 6105(a)(1) was constitutional under *Bruen* and *United States v. Rahimi*, 602 U.S. 680 (2024).[6] *See Commonwealth v. Randolph*, 343 A.3d 1248 (Pa. Super. Ct. 2025). Thus, Phillips's fails to show that his PCRA counsel was ineffective by not raising a *Bruen* challenge to his Section 6105(a)(1) conviction as part of his first PCRA proceedings. Accordingly, Phillips has not satisfied his burden under *Martinez* to show that any alleged ineffective assistance of his PCRA counsel qualifies as cause to excuse his procedural default of his habeas claims.

### B. Certificate of Appealability

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should only issue where (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, reasonable jurists

[6] In *Rahimi*, the Supreme Court explained that a firearms regulation is constitutional if it "fits within a broader tradition" of firearm restrictions directed at individuals who pose a credible threat to the physical safety of others. 602 U.S. at 692.

could only agree that the instant petition is time barred and Phillips's remaining habeas claims are unexhausted and procedurally defaulted. For that reason, the Court will not grant a certificate of appealability.

## IV. CONCLUSION

For the reasons stated above, the Court will dismiss Phillips's Section 2254 petition, decline to issue a certificate of appealability, and direct the Clerk of Court to close this case. An appropriate Order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/20/26
26-0256-02